11965.   FIVE MINUTE VULCANIZER AND AUTO SUPPLY
COMPANY *v.* McMILLAN *et al.*

STEPHENS, J.  1. In a suit by the plaintiff to recover the purchase-price
of goods sold to the defendant in compliance with the terms of a contract
between the plaintiff and the defendant, wherein, among other things,
the plaintiff agreed to give to the defendant the exclusive right to
handle the plaintiff's product within certain territory, and where the
defendant filed a counter-claim to the plaintiff's suit, alleging a breach
by the plaintiff of its covenant in the contract to give to the defend-
ant exclusive territorial rights as above set out, and praying damages
for such breach, where the evidence demanded a finding for the plain-
tiff for the indebtedness sued on and failed to sustain the defendant's
counter-claim, a direction of a verdict for the plaintiff was proper.

2. Whether or not the legal measure of damages for the alleged breach of
the contract by the plaintiff was the expenses which the defendant
necessarily incurred in preparing the territory by advertising and send-
ing out salesmen, etc., for the purpose of facilitating his sales therein,
as alleged by the defendant in his counter-claim, it nevertheless not
appearing that such expenses were necessarily incurred as a result of
the plaintiff's breach of the contract, and the defendant praying only
for special damages as above set out, the defendant's counter-claim
was not sustained.

3. In view of the foregoing rulings, the evidence offered by the defendant
tending to show that the plaintiff had in its pleadings in a former
suit admitted a breach of the contract sued upon, as set out by the
defendant in his counter-claim, which evidence was excluded by the
trial judge, would not, if admitted, have raised any issue of fact for
the jury.

4. The verdict directed for the plaintiff, therefore, being demanded as a
matter of law, the judge of the superior court erred in sustaining the
defendant's certiorari and awarding a new trial.

5. It appearing, however, that the appellate division of the municipal
court, in affirming the judgment of the trial court, entered a final judg-
ment for the plaintiff in excess of that rendered on the trial and author-
ized under the law, it is ordered that the judgment of the superior
court sustaining the certiorari be reversed, and that the certiorari be
overruled and a final judgment entered, writing off the excess and award-
ing judgment for the plaintiff against the defendant for the amount of
the verdict and the judgment entered thereon by the trial judge in the
municipal court.

*Judgment reversed, with direction. Jenkins, P. J., and Hill, J., concur.*
DECIDED SEPTEMBER 27, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell.
October 6, 1920.

*Walter S. Dillon,* for plaintiff.

*R. W. Crenshaw, A. E. Wilson,* for defendants.